UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAY CAPRIO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br><br>HERRICK, FEINSTEIN LLP.,<br><br>Defendants. | Civil Case Number: _____<br><br><br>**CIVIL ACTION**<br><br>**COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff, RAY CAPRIO, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") residing at 18 Benedict Crescent, Basking Ridge, New Jersey 07920, by and through his undersigned attorney, alleges against the above-named Defendant, HERRICK, FEINSTEIN LLP., with its principal executive office located at 2 Park Avenue, Suite 2100, New York, New York 10016, (hereinafter "HERRICK"), its employees, agents, and successor alleges the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §1692 *et seq*., the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. §1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

**DEFINITIONS**

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in §803 of the FDCPA and 15 U.S.C. §1692(a).

**PARTIES**

5. The FDCPA, 15 U.S.C. §1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of the State of New Jersey, County of Somerset and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant HERRICK is a foreign business limited liability partnership with its principal executive office located at 2 Park Avenue, Suite 2100, New York, New York 10016.

8. Upon information and belief, Defendant HERRICK is a law firm that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant HERRICK is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a statewide class action. The Class consists of:

- All New Jersey consumers who were sent collection letters and/or notices from the Defendant that contained at least one of the alleged violations arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*.

- The Class period begins one year to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2

partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14. Sometime prior to January 28, 2013, Plaintiff allegedly incurred a financial obligation to Amherst Mews Homeowners Association, Inc. ("Amherst").

15. The Amherst obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes

16. The alleged Amherst obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. Amherst is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18. Amherst is governed via "By-Laws" (*see* **Exhibit B)** (the "Agreement") the purpose of which includes, but is not limited to, govern the administration of Amherst and provide for the management, administration, utilization and maintenance of its property.

19. Section 7.8 of the By Laws entitled "Interest and Counsel Fees" state: "The Board of Directors at its option shall have the right in connection with the collection of any *assessment* to impose a late charge of any reasonable amount or interest at the legal maximum rate permitted by law for the payment of delinquent real estate taxes, or both, if payment is made after a date certain state in such notice. In the even that the Board of Directors shall effectuate collection of assessments or charge by resort to counsel or the filing of a lien, or both, the Board of Directors *may add to those assessments or charges as counsel fees twenty (20%) percent of the gross amount due or*

*such greater sum as the court may deem reasonable and appropriate,* plus the reasonable costs for preparation, filing and discharge of the lien, in addition to such other costs as may be allowable by law." (emphasis added) .

20.     HERRICK contends that the Amherst debt is past due.

21.     HERRICK collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

22.     At some time prior to January 28, 2013 Amherst contracted HERRICK to collect the Amherst debt.

23.     On or about January 28, 2013, Defendant HERRICK, caused to be delivered to Plaintiff an initial collection letter in an attempt to collect the alleged Amherst debt. *See* **Exhibit A.**

24.     Said letter was sent or caused to be sent by persons employed by HERRICK as a "debt collector" as defined by 15 U.S.C. §1692a(6).

25.     Said letter was sent to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C.§1692a(5).

26.     Said letter is a "communication" as defined by 15 U.S.C. §1692a(2).

27.     Upon receipt of HERRICK's, letter dated January 28, 2013, Plaintiff read said letter.

28.     Said letter stated in part: "Until such time as you pay to the Association all amounts due, you will be unable to convey clear title to your unit."

29.     Said  letter included a NOTICE OF ASSESSMENT LIEN ("NOTICE").

30.     Said NOTICE was prepared by HERRICK.

31. Said NOTICE stated in paragraph 7:

Amount of Assessment

| | |
|---|---|
| Maintenance Fees and Late Fees<br>July 2012 - December 2012 | $2,932.54 |
| Accelerated Fees | $0.00 |
| Attorneys' Fees | $1,084.04 |
| TOTAL | $4,016.58 |

32. The amount of Attorneys' Fees ($1,084.04) is 36.97% of the amount of the past due Maintenance Fees and Late Fees.

33. Said letter failed to accurately state the amount of attorneys fees included in the total amount due..

34. Said letter failed to accurately state the attorneys fees included in the debt pursuant to the By Laws, as they were not equal to 20% of the gross amount due.

35. In the alternative, said letter failed to accurately state the attorneys fees included in the debt pursuant to the agreement as they had not been determined by the Court.

36. HERRICK made false representations as to the amount of Plaintiff's alleged debt, in violation of 15 U.S.C.§1692e(2)(A).

37. HERRICK made false representations as to compensation which it may lawfully receive based on amount of Plaintiff's alleged debt, in violation of 15 U.S.C.§§1692e(2)(B).

38. HERRICK used false representations or deceptive means to collect or attempt to collect Plaintiff's alleged debt in violation of 15 U.S.C.§1692e(10) by attempting to collect attorneys' fees of $1,084.04, as set-forth in he NOTICE.

39. HERRICK used false representations or deceptive means to collect or attempt to collect Plaintiff's alleged debt in violation of 15 U.S.C.§1692e(10) by stating in the January 28, 2013 to Plaintiff: "Until such time as you pay to the Association all amounts due, you will be unable to convey clear title to your unit", when in fact all the amounts set forth in the NOTICE were not actually due to the Association.

40. HERRICK violated 15 U.S.C.§1692f *et seq.* by using unfair and unconscionable means to collect or attempting the alleged debt since the amount of attorneys' fees ($1,084.04) was not authorized by the agreement creating the debt or permitted by law.

41. HERRICK failed to properly inform Plaintiff of the amount of the debt, in violation of 15 U.S.C.§1692g(a)(1).

## **POLICIES AND PRACTICES COMPLAINED OF**

42. It is Defendants' policy and practice to send initial written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by inter alia:

   (a) Using false, deceptive or misleading representations to state the amount of the debt;

   (b) Using false, deceptive or misleading representations to state the amount of attorneys' fees allegedly due.

   (b) Using false representations or deceptive means to collect or attempt to the debt;

   (c) Using unfair or unconscionable means to collect or attempt to collect the debt.

   (d) Failing to properly state the amount of the debt;

43. On information and belief, Defendants sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New Jersey

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692
### VIOLATION OF 15 U.S.C. §1692e *et seq*.

44. Plaintiff repeats the allegations contained in paragraphs 1 through 43 as if the same were set forth at length.

45. Section 1692e(2)(A) of the FDCPA makes it a violation for a debt collector to falsely represent: "...the...amount....of any debt.".

46. HERRICK falsely represented the amount of the debt by failing to accurately state the amount of the attorneys fees pursuant to the agreement.

47. Section 1692e(2)(B) of the FDCPA makes it a violation for a debt collector to falsely represent: "...any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt"..

48. HERRICK falsely represented the amount of attorneys' fees it is lawfully permitted to collect, as the amount of $1,084.04 stated in the NOTICE is 36.97% of the amount of the past due maintenance and late fees, which exceeds the 20% set forth in the By Laws.

49. Section 1692e(10) of the FDCPA makes it a violation for a debt collector to: "[U]se any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

50. HERRICK used false representations or deceptive means to collect or attempt to collect the debt by failing to accurately state the amount of the attorneys fees pursuant to the agreement.

51. HERRICK used false representations or deceptive means to collect or attempt to collect Plaintiff's alleged debt in violation of 15 U.S.C.§1692e(10) by stating in the January 28, 2013 to Plaintiff: "Until such time as you pay to the Association all amounts due, you will be unable to convey clear title to your unit", when in fact all the amounts set forth in the NOTICE were not actually due to the Association.

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATION OF 15 U.S.C. §1692f(1)

52. Plaintiff repeats the allegations contained in paragraphs 1 through 51 as if the same were set forth at length.

53. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt any debt.

54. HERRICK used unfair or unconscionable means to collect or attempt to collect the debt by attempting to collect attorneys' fees in amount of $1,084.04, as stated in the NOTICE, is 36.97% of the amount of the past due maintenance and late fees, which exceeds the 20% set for the in the By Laws.

55. HERRICK's means to collect or attempt to collect the debt as the amount was not authorized by the agreement creating the debt or permitted by law.

## COUNT III

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692
### VIOLATION OF 15 U.S.C. §1692g(a)(1)

56. Plaintiff repeats the allegations contained in paragraphs 1 through 55 as if the same were set forth at length.

57. Section 1692g(a)(1) of the FDCPA requires the debt collector : "Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing…the amount of the debt."

58. HERRICK violated Section 1692g(a)(1) of the FDCPA by mailing a letter on or about January 28, 2013, to Plaintiff which failed to correctly state the amount of the debt.  See **Exhibit A**.

**WHEREFORE,** Plaintiff demand judgment against the Defendant on each count as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorney, Joseph K. Jones, Esq., as Class Counsel;

(b) Issuing a preliminary and/or permanent injunction restraining Defendants, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c) Issuing a declaratory Order requiring Defendants to make corrective disclosures;

(d) Awarding Plaintiff and the Class statutory damages;

(e) Awarding Plaintiff and the Class actual damages;

      (f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

      (g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: Fairfield, New Jersey  
       May 10, 2013

          */s/ Joseph K. Jones*  
          Joseph K. Jones (JJ-5509)  
          Law Offices of Joseph K. Jones, LLC  
          375 Passaic Avenue, Suite 100  
          Fairfield, New Jersey 07004  
          (973) 227-5900  
          (973) 244-0019 facsimile  
          jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

          */s/ Joseph K. Jones*  
          Joseph K. Jones (JJ-5509)

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff do hereby certify to my own knowledge and based upon information available to me at my office, that the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: May 10, 2013

*/s/ Joseph K. Jones*
Joseph K. Jones (JJ-5509)